**IN THE UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **PHILLIP GILLARD,** | : | **CIVIL ACTION** |
| Petitioner, | : | |
| | : | No. 13-CV-1046 |
| v. | : | |
| | : | |
| **WARDEN JOHN DELANEY, et al** | : | |
| Respondents. | : | |

**REPORT AND RECOMMENDATION**

**LYNNE A. SITARSKI**                                                  **DATE:  January 23, 2014**
**UNITED STATES MAGISTRATE JUDGE**

Presently before the Court is a *pro se* petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, by Phillip Gillard ("Petitioner"), an individual currently incarcerated at Curran-Fromhold Correctional Facility located in Philadelphia, PA, pending the disposition of his criminal charges. (*See* PA Docket). For the following reasons, this Court respectfully **RECOMMENDS** that the petition be **DISMISSED** without prejudice.

**I.      FACTS AND PROCEDURAL HISTORY**

On September 29, 2011, Petitioner was arrested, and the Commonwealth of Pennsylvania (the "Commonwealth") subsequently asserted nine criminal charges against him. (PA Docket).[1] On October 10, 2011, Robert Lynch ("Lynch") entered his appearance for Petitioner. (Order for

---

[1] The parties do not clearly describe the facts underlying his arrest. Petitioner has attached a letter, dated February 20, 2013, to the brief in support of his habeas petition that purports to describe some of these facts. (ECF No. 1 at 11 (Letter from Petitioner to Court (Feb. 20, 2013))). The letter certainly is not a model of clarity, but suggests that Petitioner was arrested as a result of a shooting. According to the letter, Petitioner was implicated in the shooting by at least one witness. (*Id.*).

Appearance). On January 6, 2012, the Philadelphia Court of Common Pleas held a preliminary hearing and later, on January 17th, the Commonwealth filed an information identifying the charges as follows: (1) Aggravated Assault; (2) Conspiracy; (3) Firearms Not To Be Carried W/O License; (4) Possession Of Firearm Prohibited; (5) Carry Firearms Public In Phila; (6) "Poss Instrument Of Crime W/Int;" (7) Simple Assault; (8) Recklessly Endangering Another Person; and (9) Conspiracy - Aggravated Assault Replaced by 18 § 903, Conspiracy. (PA Docket).

Although Lynch represented Petitioner, Petitioner filed a *pro se* motion, on February 2, 2012, requesting the appointment of counsel. (*Id.*). On February 16, 2012, Petitioner's counsel moved for a continuance, which the court granted on March 1, 2012. (*Id.*). On March 1, 2012, Petitioner's counsel requested another continuance, which the court granted on March 8, 2012. (*Id.*). On March, 8, 2012, the Commonwealth rejected Petitioner's plea offer; Lynch was permitted to withdraw from the case; and Coley Reynolds ("Reynolds") was appointed to represent Petitioner. (*Id.*). On March 15, 2012, the trial court granted Petitioner's motion for continuance and the docket listed another "court date" set for April 16, 2012. (*Id.*).[2] On April 16, 2012, Attorney Reynolds failed to appear, and the court continued the matter until November 21, 2012. (*Id.*).

On November 21, 2012, the trial court granted the Commonwealth's motion for continuance and a docket entry noted, "Attorney not ready." (*Id.*). On April 10, 2013, Reynolds

---

[2] Petitioner filed seven *pro se* pleadings between March 15 and October 15, 2012, despite the fact that he had court-appointed counsel. (*See* PA Docket ((i) March 16, 2012 motion to modify bail; (ii) March 27, 2012 motion to suppress; (iii) March 27, 2012 motion to modify bail; and (iv) April 10, 2012 motion to quash; (v) July 24, 2012 discovery motion; (vi) July 25, 2012 motion to set bail; and (vii) October 15, 2012 motion to dismiss)).

filed a "Motion for Release Pursuant to Rule 600" (the "Release Motion") and, Reynolds, on behalf of Petitioner, moved the Court to allow Petitioner to proceed *pro se*. (*Id.*). In the Release Motion, Petitioner, through his attorney, contends that more than 180 days have passed since his arrest and he has been in custody for approximately 469 days; thus, he requests nominal bail pursuant to the Pennsylvania Rule of Criminal Procedure 600E. (ECF 12-3 (Resp. Ex. C) (Release Motion) at 3).[3]

On August 7, 2013, the trial court granted another motion for continuance, and noted on the docket that, "Commonwealth request [sic] further investigation." (*Id.*). Despite having legal representation, Petitioner filed two more pro se motions. (PA Docket (September 23, 2013 (i) motion to dismiss and (ii) "Omnibus Pre-Trial Motion")). On October 23, 2013, the state docket noted, "Case continued for status for status [sic] of non trial and 600E motion." (*Id.*). On November 6, 2013, the court granted a continuance, setting a court date for November 12, 2013 and noting that, "Case continued for 600 E motion." (*Id.*). Again, on November 12, 2012, the Court continued the case, noting that Petitioner had requested further investigation and a made a 600(E) motion. (*Id.*). On November 22, 2013, the Court continued the trial on a joint request for further investigation and set a new trial date of April 30, 2014. (*Id.*).

---

[3] Between December 3, 2012 and July 1, 2013, Gillard filed seven more *pro se* motions. (PA Docket (December 3, 2012 (i) motion to sever and (ii) motion for appointment of counsel; (iii) December 14, 2012 "Pro Se Petition Filed;" (iv) December 20, 2012 motion to suppress; (v) February 27, 2013 motion for speedy trial; (vi) May 20, 2013 motion to quash; and (vii) July 1, 2013 motion to dismiss)).

On February 27, 2013, Petitioner filed in this Court a document purporting to be a petition for a writ of habeas corpus. (ECF No. 1 (Mem.)).[4] Petitioner asserts that the Commonwealth violated his right to a speedy and impartial trial under the Fifth and Fourteenth Amendments to the U.S. Constitution. (*Id.* at 3). On May 8, 2013, pursuant to 28 U.S.C. § 636(b)(1)(B), the Honorable Petrese B. Tucker referred this petition to the undersigned for the preparation of a Report and Recommendation. (ECF No. 4 (Referral Order)). On August 29, 2013, the Commonwealth filed a Response (ECF No. 12 (Resp.)), and, on November 5, 2013, it submitted a statement and the pre-trial state court filings (ECF. No. 14 (Statement)).

## II.     DISCUSSION

Petitioner asserts that he "submitted numerous petitions in regard to pa. r. cr. proc. [sic] Rule 600(G) that continously [sic] have gone unanswered after 500 and 70 days (almost 2 years) which violates 5th and 14th Amendment [sic] of the Constitution. I am not scheduled for trial until August 7, 2013."[5] (ECF No. 3 at 3). Moreover, he claims that "Petitioner has been incarcerated since September 28, 2011, it is now March 27, 2013. I have been denied the right to a speedy and impartial trial, also I have been denied effective counsel." (*Id.*). The Commonwealth argues that he has neither presented his claim to the state court, nor exhausted his claim by seeking appellate review. (ECF No. 12 at 4).

---

[4] Chief Judge Petrese B. Tucker directed the clerk to provide Petitioner with the form petition and application to proceed in forma pauperis, and Petitioner returned the form and application. (ECF No. 2 (Order) at 1-2; ECF No. 3 (Form & App.).)

[5] The trial did not proceed on this date, because the Court of Common Pleas granted a continuance, as detailed above.

While generally petitions for habeas relief are brought after a petitioner has been convicted, federal courts do have jurisdiction over pretrial habeas petitions brought pursuant to § 2241.  Specifically, "[i]n certain cases, § 2241 is the appropriate vehicle through which to assert a speedy-trial claim. *Chavis v. Commonwealth*, 434 Fed. Appx. 50, 51 (3d Cir. 2011) (citations omitted).  However, such a claim may only be addressed on the merits after the petitioner has satisfied the exhaustion requirement by presenting his claim through one full round of the state's established appellate process.  *See Wilson v. Beard*, 02-374, 2012 U.S. Dist. LEXIS 55987, *24-25 (E.D. Pa. Apr. 20, 2012) (speedy trial claim brought in a pretrial petition only cognizable after the petitioner satisfies the exhaustion requirement) (citation omitted).

In this case, Petitioner has failed to exhaust his state court remedies by fairly presenting his speedy trial claim through one full round of the Pennsylvania established appellate process.  Petitioner filed his Release Motion, pursuant to Rule 600, but the Court of Common Pleas has not ruled on that motion.  "Jurisdiction without exhaustion should not be exercised at the pretrial stage unless extraordinary circumstances are present." *Moore v. DeYoung*, 515 F.2d 437, 444 (3d Cir. 1975).  Importantly, the alleged denial of a speedy trial does not constitute an extraordinary circumstance sufficient to allow a federal court to intervene in state pretrial procedures.  *Id.*  Indeed, as the United States Court of Appeals for the Third Circuit observed, Petitioner "will have an opportunity to raise his claimed denial of the right to a speedy trial during his state trial and in any subsequent appellate proceedings in the state courts." *Id.* at 449.  Moreover, dismissal of the instant petition will not prejudice Petitioner from filing a § 2254 petition once Petitioner has properly exhausted his state court remedies.  *See Collazo v. New Jersey*, No. 13-0809, 2013 U.S. Dist. LEXIS 53190 (D.N.J. Apr. 12, 2013) (dismissing a 2241

petition asserting a speedy trial claim without prejudice to the filing of a 2254 petition).  Because the instant petition is unexhausted and because extraordinary circumstances do not warrant federal intervention in state proceedings at this time, I recommend dismissing the instant petition without prejudice to the filing of a § 2254 petition.[6]

### III.   CONCLUSION

For all the foregoing reasons, I respectfully **RECOMMEND** that Petitioner's petition for writ of habeas corpus be **DISMISSED** without prejudice.[7]

Therefore, I make the following:

---

[6] Moreover, the Release Motion does not fairly present a *federal* claim.  The Release Motion asserts a violation of state law - Pennsylvania Rule of Criminal Procedure 600.  (ECF No. 12-3 at 5).  A violation of that state rule does not constitute a basis for habeas relief.  *See Junious v. City of Philadelphia*, No. 13-1201, 2013 WL 2156029, at *1 (E.D. Pa. May 20, 2013) (Yohn, J.) (unpublished) ("Junious elsewhere asserts a violation of Pennsylvania Rule of Criminal Procedure 600, but this is not by itself a cognizable grounds of federal habeas relief.").

[7] Petitioner moved for bail pending the disposition of his petition.  (ECF. No. 15).  That petition will be denied in a separate order accompanying this Report and Recommendation.

## **RECOMMENDATION**

AND NOW, this __23rd__ day of January, 2014, it is respectfully **RECOMMENDED** that the petition for writ of habeas corpus be **DISMISSED** without prejudice. There has been no substantial showing of the denial of a federal constitutional right requiring the issuance of a certificate of appealability.

Petitioner may file objections to this Report and Recommendation. *See* E.D. Pa. Local Civ. R. 72.1. If Petitioner fails to file timely objections, then such failure may constitute a waiver of any appellate rights.

BY THE COURT:


   /s/ Lynne A. Sitarski

LYNNE A. SITARSKI
UNITED STATES MAGISTRATE JUDGE